# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **LARRY LEE CURRIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No: 3:14-cv-02151 |
| v. | ) | Judge Campbell/Bryant |
| | ) | |
| **CITI MORTGAGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**To:  The Honorable Judge Todd J. Campbell, United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** (Docket Entry 15) and that all other pending Motions (Docket Entry 26, 27, 28 and 29) be **TERMINATED** as moot.

### I.     Statement of the Case

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint on October 31, 2014 alleging claims related to the foreclosure of an unidentified property. (Docket Entry 1). The District Judge referred this action to the Magistrate Judge. (Docket Entry 4). On December 15, 2014, Plaintiff timely filed an "Ad[d]endum to the Complaint," which the Magistrate Judge construes as an amended complaint. (Docket Entry 8). Defendant sought to add new defendants and a claim of wrongful foreclosure. (Docket Entry 8). However, the record shows that no other defendants have been properly served.

In Plaintiff's Amended Complaint, Plaintiff did not incorporate the claims from his original Complaint. (Docket Entry 8). An amended complaint will generally replace the original complaint. *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 706 n.2 (1982). After

apparently realizing this, Plaintiff filed another Motion to Amend and an attached "addendum" on July 17, 2015 and stated that he "did not understand" that his first addendum would "remove" his original Complaint. (Docket Entry 29 and 29-1).

In the interim, there was a flurry of activity. On January 19, 2015, Defendant filed a Motion to Dismiss and Memorandum. (Docket Entry 15 and 16).[1] Defendant filed the Trustee's Deed showing that Plaintiff's property at 2404 Buchanan Street in Nashville, TN had been sold at a foreclosure sale on September 25, 2013. (Docket Entry 16-1, p. 4). Defendant also explained that Plaintiff had brought a prior action against Defendant, and others, in this Court. (Docket Entry 16, p. 2). Therefore, the Magistrate Judge takes judicial notice of *Currie v. CitiMortgage, Inc.,* No. CIV. 3:13-1139, 2014 WL 4628523 (M.D. Tenn. Sept. 15, 2014). The Magistrate Judge will refer to this case as *Plaintiff's first case* or *the first case.*

In the first case, Plaintiff filed a Complaint on October 11, 2013, "against CitiMortgage, apparently concerning a mortgage he had upon a certain property, although the Court note[d] that Plaintiff's Complaint [wa]s essentially incomprehensible." *Currie v. CitiMortgage, Inc.,* No. 3:13-CV-01139, 2014 WL 4175549, at *1 (M.D. Tenn. Aug. 20, 2014) *report and recommendation adopted,* No. CIV. 3:13-1139, 2014 WL 4628523 (M.D. Tenn. Sept. 15, 2014). On November 13, 2013, Plaintiff "attempted to remove . . . and consolidate with th[e] suit a detainer action filed by defendant CitiMortgage in the General Sessions Court for Davidson County, Tennessee." *Currie,* CIV. 3:13-1139, 2014 WL 4628523, at *1. CitiMortgage had filed the detainer action, identified with docket number 13GT9348, seeking possession of Plaintiff's property after the foreclosure. (No. 3:13-CV-01139 Docket Entry 12). This Court remanded the detainer action to general sessions court and dismissed with prejudice Plaintiff's claims. *Currie,*

---

[1] Plaintiff filed a Response. (Docket Entry 18). Defendant filed a Reply with leave of the Court. (Docket Entry 19-21). Plaintiff filed a surreply, titled "Motion to Strike Defendant's Motion to Dismiss." (Docket Entry 24).

No. CIV. 3:13-1139, 2014 WL 4628523, at *2. In general sessions court, judgment was granted to CitiMortgage[2] on October 08, 2014 and Plaintiff appealed. (Docket Entry 26-2).

On March 27, 2015, in the instant case, Plaintiff filed a Notice of Removal of a detainer action from general sessions court. (Docket Entry 25). Plaintiff did not attach the detainer action to his Motion. Defendant filed a Motion to Strike and argued that Plaintiff was attempting to remove the same detainer action, with the same docket number 13GT9348, from the first case. (Docket Entry 26 and 26-3). Plaintiff then filed a Motion to Compel, a Motion for Leave to file a Reply, and the aforementioned Motion to Amend the Complaint. (Docket Entry 27-29).

Since the instant case was filed, the circuit court for Davidson County (circuit court) affirmed the general sessions court and issued a final order holding that CitiMortgage is "entitled to possession of the Property located at 2404 Buchanan Street" on April 02, 2015. (Docket Entry 26-3, p. 2).

Defendant now argues that the doctrine of *res judicata* applies to the attempted removal of the detainer action and precludes this action from surviving the Motion to Dismiss. (Docket Entry 16, p. 4; Docket Entry 26, p. 1). Defendant also argues that the Court should abstain from hearing this case in light of ongoing state court proceedings. (Docket Entry 16, pp. 4-5). Since the state court proceedings are finalized, the abstention doctrine is not relevant. However, as explained below, the doctrine of *res judicata*, or claim preclusion, is relevant.

## II.  Standard of Review

FED. R. CIV. P. 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim;

---

[2] The Magistrate Judge notes that the copy of the detainer action filed here is missing a check or other mark in the box indicating that "Judgment is granted to Plaintiff against Defendant Larry L. Currie . . . ." (Docket Entry 26-2). However, the Plaintiff here, who was the defendant in the detainer action, appealed the judgment. (Docket Entry 26-2). Then, the circuit court granted possession of the property to CitiMortgage. (Docket Entry 26-3). Therefore, the Magistrate Judge concludes that the absence of a check or other mark was a clerical error.

(2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555-56. When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005)(citation omitted)(unpublished case).

When considering a motion to dismiss, the Court "may consider the complaint along with any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the plaintiff's claim." *Gardner v. Quicken Loans, Inc.,* 567 F. App'x 362, 364-65 (6th Cir. 2014)(citation and internal quotation omitted)(unpublished case). Therefore, the Magistrate Judge "may consider documents relating [to] the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [Plaintiffs'] claims." *Gardner,* 567 F. App'x at 365.

Finally, dismissal under FED. R. CIV. P. 12(b)(6) is proper when *res judicata* applies. *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank,* 333 F. App'x 994, 997 (6th Cir. 2009)(unpublished case).

### III.     Analysis

The Sixth Circuit has noted the "perennial confusion" over the terms associated with preclusion and stated that claim preclusion is synonymous with *res judicata* and issue preclusion is synonymous with collateral estoppel. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tennessee,* 126 F.3d 849, 852 (6th Cir. 1997). The Sixth Circuit has also encouraged parties, and presumably courts, to use the terms claim preclusion and issue preclusion. *Heyliger,* 126 F.3d at 852 (citation omitted).

"Under [claim preclusion], a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Four factors must be met for claim preclusion to apply:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.,* 570 F.3d 775, 776 (6th Cir. 2009)(citation omitted). Also, a federal court will give a prior state court judgment "the same preclusive effect it would have under the law of the state whose court issued the judgment." *Heyliger,* 126 F.3d at 852. In Tennessee, "claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith,* 387 S.W.3d 486, 491 (Tenn. 2012)(citation omitted).

Here, the Magistrate Judge finds that all four claim preclusion factors are present. First, however, a brief timeline is helpful:

**September 25, 2013**: Plaintiff's property is sold at foreclosure.

**October 11, 2013**: Plaintiff files the first case in this Court, *Currie v. CitiMortgage, Inc.*

**September 15, 2014**: The first case is dismissed and the detainer action is remanded.

**October 08, 2014**: General sessions court rules for CitiMortgage and Plaintiff appeals.

**October 31, 2014**: Plaintiff brings the instant action.

**March 27, 2015**: Plaintiff attempts to remove the detainer action in the instant action.

**April 02, 2015**: Circuit court affirms the general sessions court and holds that CitiMortgage is entitled to Plaintiff's property.

(Docket Entry 1, 16, 16-1 and 26). As to the first factor, it is well established that a general sessions court is a "court of competent jurisdiction." *Lawlor v. SunTrust Mortgage, Inc.,* No.

3:13-CV-00387, 2013 WL 4431319, at *4 (M.D. Tenn. Aug. 15, 2013). However, the October 08, 2014 decision of the general sessions court was not a "final decision" because Plaintiff appealed, apparently on a timely basis, and the case proceeded to the circuit court. (Docket Entry 26-3). The "final decision" of the circuit court came on April 02, 2015. (Docket Entry 26-3). There is a wrinkle here because that final decision on April 02, 2015 was *after* Plaintiff filed the instant action on October 31, 2014. However, this wrinkle does not affect the outcome because "the fact that this action was filed prior to the entrance of judgment in the state court action does not affect [the state court judgment's] preclusion upon this action." *Young v. McDaniel*, 664 F. Supp. 263, 265 (W.D. Ky. 1986) *aff'd,* 826 F.2d 1066 (6th Cir. 1987).

As the Fifth Circuit has stated, "when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment ***first rendered in one of the actions*** which becomes conclusive in the other action . . . ***regardless of which action was first brought****.*'" *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000)(emphasis added)(citation omitted). The Tennessee Court of Appeals also addressed the preclusive effect of a prior judgment when identical actions are filed in federal court and state court. *Tareco Properties, Inc. v. Morriss,* No. M2002-02950-COA-R3CV, 2004 WL 2636705, at *11 (Tenn. Ct. App. Nov. 18, 2004). If a party "bring[s] the same issues before two different courts; he is bound by the decision of the first court rendering a final judgment." *Tareco Properties, Inc.,* M2002-02950-COA-R3CV, 2004 WL 2636705, at *11. Therefore, although the circuit court reached a final decision in favor of CitiMortgage *after* Plaintiff brought the instant action, that decision is still a final decision on the merits that fulfills the first claim preclusion factor.

The second factor, whether the same parties are involved, is easily met since Plaintiff here was the defendant in the state court action where Defendant CitiMortgage was the plaintiff.

Next, the Magistrate Judge finds that the third factor is met. In Plaintiff's original Complaint, the causes of action include lack of standing to foreclose, violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act, RICO violations, and intentional infliction of emotional distress. (Docket Entry 1). Plaintiff also seeks to add a wrongful foreclosure claim. (Docket Entry 29-1). However, these matters could have been litigated in general sessions and circuit court. In the circuit court's final order, the court noted that Plaintiff had brought "claims regarding the underlying foreclosure" and that those claims "had already been dismissed . . . [on] February 03, 2015." (Docket Entry 26-4, p. 1). Therefore, the Magistrate Judge finds that Plaintiff has already litigated or should have litigated the causes of action that he now seeks to bring.

Finally, the Magistrate Judge finds that the fourth factor is met. In *Lawlor v. SunTrust Mortgage, Inc.,* the general sessions court found that the Secretary of Housing and Urban Development ("HUD") was entitled to foreclose on the plaintiffs' property. *Lawlor,* No. 3:13-CV-00387, 2013 WL 4431319, at *6. The plaintiff brought a subsequent action in this Court, which found that the plaintiffs' claims arose from "the same acts and incidents as the prior General Sessions Court action." *Lawlor,* No. 3:13-CV-00387, 2013 WL 4431319, at *6. The Court concluded that "*res judicata* bar[red] Plaintiffs' claims for breach of contract, intentional misrepresentation, negligent misrepresentation, and failure to give adequate notice because the unlawfulness of the foreclosure sale is the basis for these claims." *Lawlor,* No. 3:13-CV-00387, 2013 WL 4431319, at *6. Here, the Magistrate Judge finds that the state court action and the instant action involve the same cause of action, namely, the lawfulness of the foreclosure of Plaintiff's property.

The Magistrate Judge notes that Plaintiff's first case in this Court is not analyzed for preclusive effect because although the claims related to a mortgage or a foreclosure, the Complaint remains largely unclear. Moreover, the detainer action was not finalized until the circuit court reached a decision.

Ultimately, the Magistrate Judge finds that Plaintiff seeks a proverbial second bite or, possibly, a third bite at the apple and that claim preclusion operates to bar the instant action.

### IV. Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** (Docket Entry 15) and that all other pending Motions (Docket Entry 26, 27, 28 and 29) be **TERMINATED** as moot.

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 28th day of July, 2015

s/John S. Bryant_____
John S. Bryant
U.S. Magistrate Judge
